IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JASON ZENO, #1895863 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv379 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Jason Zeno, previously a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Denton County conviction for sexual assault (2 counts). The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition should be denied because it is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). The relevant facts regarding the determination that the petition is time-barred are that Petitioner was initially placed on community supervision without an adjudication of guilt on March 27, 2003. On October 15, 2013, after finding that Petitioner violated the terms and conditions of his probation, the trial court entered a judgment adjudicating guilt and sentencing Petitioner to five years of imprisonment. The Second Court of Appeals dismissed the appeal for want of jurisdiction since the notice of appeal was untimely. *Zeno v. State*, No. 02-13-00592-CR, 2014 WL 1394644 (Tex. App. - Ft. Worth April 10, 2014, no. pet.).

Petitioner proceeded to file three applications for a writ of habeas corpus in state court. The first was filed on March 31, 2014. The application is dated March 26, 2014 and deemed filed on that date in accordance with the state "mailbox rule." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). On August 6, 2014, the Texas Court of Criminal Appeals denied the application without written order on findings of the trial court without a hearing. The second application was filed on October 8, 2014. Petitioner did not provide the date on which he mailed the application; thus, the file-stamped date will be employed for purposes of analysis. On November 26, 2014, the application was

1

dismissed as noncompliant. *See Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010). The third application was filed on June 25, 2015. The application is dated May 31, 2015 and deemed filed on that date in accordance with the mailbox rule. The Texas Court of Criminal Appeals denied the application with a written order on January 27, 2016.

The present petition was filed on June 8, 2016. Petitioner stated under penalty of perjury that he placed the petition in the prison mailing system on May 6, 2016. The petition is deemed filed on May 6, 2016, in accordance with the federal "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner is challenging the revocation of his community supervision probation.

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") provides for a one year statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(1). The applicable provision in this case is § 2244(d)(1)(A), which specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner is challenging the revocation of his community supervision probation. Since Petitioner's direct appeal was dismissed as untimely, his judgment became final on November 14, 2013, thirty days after the order was issued adjudicating guilt. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005) (the finality of a deferred adjudication order is calculated from the last date to appeal said order). As such, the present petition was due one year later on November 14, 2014, in the absence of tolling provisions.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner's first state habeas application was filed on March 26, 2014 and denied on August 6, 2014. The application was pending for 134 days, which extended the deadline for filing the present petition by 134 days from November 14, 2014 to March 28, 2015. Petitioner's second state application was dismissed as noncompliant; thus, it was not "properly filed" and did not toll the deadline. *Wickware v. Thaler*, 404 F. App'x 856, 858-59 (5th Cir. 2010); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009). In his objections, Petitioner disputes the finding that the application was noncompliant, but the finding by the Texas Court of Criminal Appeals was

clear. The objection lacks merit. Petitioner's third state application was filed on May 31, 2015, which was after the limitations period had already expired; thus, it did not effectively toll the limitations period. *Flores v. Quarterman*, 467 F.3d 484, 486 n.2 (5th Cir. 2006).

In his objections, Petitioner argues that he is entitled to equitable tolling. The Supreme Court held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. Petitioner argues that he is entitled to equitable tolling because his attorney erroneously failed to file a timely notice of appeal. He also discusses his *pro se* status and unit transfers. His explanation does not, however, show extraordinary circumstances. Petitioner's inexperience and *pro se* status are not exceptional circumstances. *See, e.g.*, *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Finally, Petitioner has not shown that he pursued his rights diligently. Petitioner's objections in an effort to show that he is entitled to equitable tolling lack merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. The petition is time-barred. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**SIGNED this 21st day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3